Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Tara A. Currie (SBN 323984)
tcurrie@blakelylawgroup.com
BLAKELY LAW GROUP
1108 Manhattan Ave, Unit B
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

***Attorneys for Plaintiff***
***Thousand, Inc.***

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THOUSAND, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>XANDER BICYCLE CORPORATION, a California Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 2:25-cv-02936-BFM<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**<br><br>**1. TRADE DRESS INFRINGEMENT UNDER THE LANHAM ACT**<br><br>**2. TRADE DRESS INFRINGEMENT UNDER CALIFORNIA COMMON LAW**<br><br>**3. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *et seq.***<br><br>**4. UNFAIR COMPETITION UNDER CALIFORNIA COMMON LAW**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Thousand, Inc. ("Thousand" or "Plaintiff") for its Complaint against Defendant Xander Bicycle Corporation ("Xander Bicycle" or "Defendant") and DOES 1-10 (collectively "Defendants") alleges as follows:

**JURISDICTION AND VENUE**

1. This action arises out of Defendants' complicit and unlawful acts

constituting federal trade dress infringement under the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 *et seq*. ("Lanham Act"), common law trade dress infringement, and state statutory and common law unfair competition.

2. This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy.

3. This Court has personal jurisdiction over Defendant because Defendant conducts continuous and systematic business in this State, placed infringing products in the stream of commerce directed to residents of this State, derived commercial benefits from the sale of infringing products and caused injuries to Plaintiff that Defendant

4. Venue is proper under 28 U.S.C. §§ 1391(b)-(c) because a substantial part of the events or omissions giving rise to the claims alleged occurred in this judicial District and Defendant resides in this District.

## THE PARTIES

5. Thousand is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business located in Los Angeles, California.

6. Upon information and belief, Xander Bicycle is a corporation organized and existing under the laws of the state of California with its office and principal place of business located at 380 W Markham St, Perris, CA 92571. Xander Bicycle does business as "Retrospec".

7. Thousand is unaware of the names and true capacities of Defendants, whether individuals, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Thousand will seek leave to amend this complaint when their true names and capacities are ascertained. Upon information and belief, each one of Defendants caused or are in some manner responsible for causing the wrongful acts alleged herein, and that at all relevant times

each one was the agent, servant, and/or employee of the other Defendants acting within the course and scope of said agency, service, and employment.

8. Upon information and belief, at all relevant times herein, each one of Defendants knew or reasonably should have known of the wrongful acts and behavior alleged herein and the damages caused thereby, ratified, and encouraged such acts and behavior, and/or had a non-delegable duty to prevent such acts and behavior but failed or refused to do so.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. Thousand Brand and Products

9. Since 2015, Thousand has been engaged in the design, distribution, marketing, offering for sale, and sale of helmets (particularly, for cycling, skateboarding, or riding scooters). In 2015, Thousand launched its Kickstarter campaign featuring the Heritage 1.0 helmet at issue in this matter. The Thousand brand and Heritage 1.0 helmet was developed and designed with the goal of helping to save 1,000 lives by making helmets people "actually want to wear" over the traditional, bulky helmets existing in the market.

10. The Heritage 1.0 helmet gained incredible traction since it launched on Kickstarter. Exceeding its original goal of $20,000 by hundreds of thousands more, the Heritage 1.0 helmet became a "Kickstarter Staff Pick" and was quickly praised by various publications such as The Chive, Trendhunter, uncrate, Cool Hunting, and more.

11. Since 2015, Thousand has expanded its product line to a Heritage 2.0 helmet, Chapter helmet, bicycle accessories, helmet accessories, bags, apparel, and bicycle helmets and accessories for toddlers and children. Thousand owns and markets its products under the Thousand® brand.

12. Thousand's products, including the Heritage 1.0 helmet, are sold throughout the United States, including in California, through Thousand's website (www.explorethousand.com), brick-and-mortar third party bicycle-specialty stores, and Amazon (www.amazon.com).

13. Thousand also advertises, promotes, markets, and/or displays its products, including the Heritage 1.0 helmet, online and through its social media accounts, including but not limited to, Instagram (@explorethousand), Facebook (www.facebook.com/explorethousand), Pinterest (www.pinterest.com/explorethousand), and X (www.x.com/explorethousand). Thousand spends a considerable amount of resources advertising and marketing its merchandise.

14. Thousand's products have become immensely popular within the bicycle helmet, cycling, and bicycle safety industry for its high quality, innovative designs. Among the purchasing public, genuine Thousand products are instantly recognizable as such. With respect to the Thousand Heritage 1.0 helmet, the Heritage 1.0 helmet is easily recognizable by its iconic low-profile, dome-shaped shell and integrated dripline that runs along the lower shell edge of the helmet.

15. For example, the Thousand Heritage 1.0 helmet has been featured on HBO's "She's Gotta Have It" and multiple print and online magazines such as GQ, NYLON, Forbes, the New York Times, Financial Times, and Esquire, who called the Heritage 1.0 helmet "an urban biking essential."

16. As a result of Thousand's innovative designs, advertising efforts, and longstanding use of the trade dresses identified herein, the Heritage 1.0 helmet alone has generated millions of dollars in sales annually – until Defendants came to market with their infringing version of the Heritage 1.0 helmet.

**B. Defendants' Infringing Activities**

17. This lawsuit arises from Defendants' design, manufacture, importation, distribution, advertisement, marketing, offering for sale, and/or sale of helmet products that infringe upon Thousand's "Heritage Trade Dress" (the "Accused Products").

18. Upon information and belief, Defendants imported into the U.S., advertised, marketed, supplied, distributed, offered for sale, and/or sold the Accused Products, including the Retrospec brand "Remi Bike & Skate Helmet".

19. Upon information, Defendants sell their products, including the Accused Products, through the Retrospec Website (www.retrospec.com), brick-and-mortar third party bicycle-specialty stores, Amazon (www.amazon.com), and through other retailers currently unknown, including DOES 1-10. In addition to bicycle helmets, Defendants also sell e-bikes, bicycles, and other products geared toward outdoor enthusiasts.

20. Exemplars of the of the Accused Products are shown below, side by side with the infringed Thousand® Heritage 1.0 helmet – the embodiment of the Heritage Trade Dress.














**ACCUSED PRODUCT** **HERITAGE 1.0 HELMET**

## **<u>FIRST CLAIM FOR RELIEF</u>**

### **(Trade Dress Infringement - 15 U.S.C. § 1125(a))**

21. Thousand incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

22. In 2015, Thousand introduced the Thousand® Heritage 1.0 helmet, marketed and featuring the design elements protected under the "Heritage Trade Dress." The Heritage Trade Dress is unique and inherently distinctive, and comprised of the following non-functional elements:

a. A helmet comprised of a hard-shell construction with a domed shell;

b. The shell of the helmet is round and dome shaped, featuring a curvature that is continuous and uninterrupted;

c. The front portion of the helmet has a rounded, curved, integrated brim that wraps seamlessly around the front of the helmet and terminates near the temple areas on each side;

d. Flowing seamlessly from the brim of the helmet to the domed shape, the bottom edge of the helmet continues in a fluid, uninterrupted form, rising above the ears, dipping down towards the back of the helmet, and curving up around the back of the helmet;

e. The bottom edge of the helmet is finished with a trim that flows seamlessly around the entire bottom edge of the helmet;

f. A strap connecting to the shell using three round rivets, two of which are symmetrically placed near the temple area, and one in the center on the rear of the helmet

g. The shell has four pill shaped openings (vents) on the rear of the helmet; and

h. The shell has three pill shaped openings (vents) on the top of the helmet.

23. The Heritage Trade Dress, which is a composite of the above-referenced features, is non-functional in its entirety, visually distinctive, and unique in the helmet industry; examples of its distinctive appearance as a whole are shown in the photographs below:










24. The design of the Heritage Trade Dress is neither essential to its use or purpose, nor does it affect the cost or quality of the helmet. There are numerous other designs available that are equally feasible and efficient, none of which necessitate copying or imitating the Heritage Trade Dress. The combination of features comprising the Heritage Trade Dress provides no cost advantages to the manufacturer or utilitarian advantages to the consumer. These features, in combination, serve only to render the Thousand® Heritage 1.0, the embodiment of the Heritage Trade Dress, as a distinct product originating solely from Thousand.

25. The Thousand® Heritage, the embodiment of the Heritage Trade Dress, is one of the most well-recognized and commercially successful styles of Thousand® brand of helmet products, having been featured in many of Thousand's advertising and promotional materials as well as in various trade publications. The Thousand® Heritage has received a large volume of unsolicited media attention, for example, and graced the pages of many popular magazines nationwide and internationally.

26. Thousand has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the Thousand® brand and its line of helmets embodying the Heritage Trade Dress. Thousand spends considerable resources advertising Thousand® products, including helmets embodying the Heritage Trade Dress.

27. Due to its long use, extensive sales, and significant advertising and promotional activities, Thousand's Heritage Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States. Indeed, Thousand has sold millions of dollars' worth of the Thousand® Heritage 1.0, the embodiment of the Heritage Trade Dress. Accordingly, the Heritage Trade Dress has achieved a high degree of consumer recognition and secondary meaning, which serves to identify Thousand as the exclusive source of helmets featuring said trade dress.

28. Upon information and belief, Defendants are competitors of Thousand and

introduced the Accused Products into the stream of commerce in an effort to exploit Thousand's goodwill and the reputation of the Thousand® Heritage 1.0.

29. The Accused Products manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendants bear confusingly similar reproductions of the Heritage Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Thousand of the Accused Products.

30. Defendants' use of the Heritage Trade Dress is without Thousand's permission or authorization, and in total disregard of Thousand's rights to control its intellectual property. There are numerous other helmet designs in the helmet industry, none of which necessitate copying or imitating the Heritage Trade Dress.

31. Defendants' use of the Heritage Trade Dress is likely to lead to and result in confusion, mistake, or deception, and is likely to cause the public to believe that Accused Products are produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with Thousand.

32. As a direct and proximate result of the foregoing acts, Thousand has suffered and will continue to suffer significant injuries in an amount to be determined at trial. Thousand is entitled to recover all damages, including attorneys' fees, that it has sustained and will sustain, and all gains, profits and advantages obtained by Defendants because of their infringing acts.

33. Upon information and belief, Defendants have acted with knowledge of Plaintiff's ownership of the Heritage Trade Dress, and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

34. Furthermore, unless Defendants' unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate Thousand for the harm caused by Defendants' infringement, which is ongoing. Accordingly, Thousand is entitled to injunctive relief prohibiting Defendants from continuing to infringe the Heritage Trade Dress, or any designs confusingly similar thereto.

## SECOND CLAIM FOR RELIEF

**(Trade Dress Infringement – California Common Law)**

35. Thousand incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

36. Defendants' infringement of the Heritage Trade Dress also constitutes trade dress infringement under common law of the state of California.

37. The Accused Products manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendants bears confusingly similar reproductions of the Heritage Trade Dress, such as to cause a likelihood of confusion as to the source, sponsorship or approval by Thousand of the Accused Products. Defendants' unauthorized use of the Heritage Trade Dress has caused and is likely to cause confusion as to the source of the Accused Products among consumers.

38. As a direct and proximate result of the foregoing acts, Thousand has suffered and will continue to suffer significant injuries in an amount to be determined at trial. Thousand is entitled to recover all damages, including attorneys' fees, that it has sustained on account of Defendants' infringement, and all gains, profits and advantages obtained by Defendant because of its unlawful acts.

39. Defendants' unlawful acts were willful, deliberate, and intended to cause confusion among the public, taken in reckless disregard of Thousand's rights. As such, an award of exemplary and punitive damages is necessary in an amount sufficient to deter similar misconduct in the future.

40. Furthermore, unless Defendants' unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate Thousand for the damages caused by Defendants' infringement, which is ongoing. Accordingly, Thousand is entitled to injunctive relief prohibiting Defendants from continuing to infringe the Heritage Trade Dress, or any designs confusingly similar thereto.

**<u>THIRD CLAIM FOR RELIEF</u>**

**(Unfair Competition in Violation of Cal. Bus. & Prof. Code, § 17200 *et. seq*.)**

41. Thousand incorporates by reference each and every one of the preceding

paragraphs as though fully set forth herein.

42. Defendants' misappropriation and unauthorized use of the Heritage Trade Dress to promote the Accused Products is likely to confuse or mislead consumers into believing that such products are authorized, licensed, affiliated, sponsored, and/or approved by Thousand, constituting deceptive, unfair, and fraudulent business practices and unfair competition in violation of the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 *et. seq.*

43. Upon information and belief, Defendants' deceptive, unfair, and fraudulent business practices were willfully undertaken with full knowledge of the Heritage Trade Dress and with the intent to misappropriate Thousand's goodwill and reputation established in the Heritage 1.0 Helmet.

44. As a direct and proximate result of the foregoing acts, Thousand has suffered and will continue to suffer significant injuries in an amount to be determined at trial. Thousand is entitled to all available relief provided for under the California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200 *et. seq.*, including an accounting and disgorgement of all illicit profits that Defendants made on account of their deceptive, unfair, and fraudulent business practices. Furthermore, because Thousand has no adequate remedy at law for Defendants' ongoing unlawful conduct, Thousand is entitled to injunctive relief prohibiting Defendants from unfair competition.

## <u>FOURTH CLAIM FOR RELIEF</u>

### (Unfair Competition – California Common Law)

45. Thousand incorporates by reference each and every one of the preceding paragraphs as though fully set forth herein.

46. Defendants' misappropriation and unauthorized use of the Heritage Trade Dress to promote the Accused Products also constitutes unfair competition in violation of common law of the state of California.

47. Thousand has expended substantial time, resources and effort in creating

and developing Thousand headgear, including the Heritage 1.0 Helmet, the embodiment of the Heritage Trade Dress, which consumers recognize as originating from Thousand.

48. Upon information and belief, Defendants introduced the Accused Products into the stream of commerce in order to exploit Thousand's goodwill and the reputation established in the Heritage 1.0 helmet for Defendants' own pecuniary gain. Defendants' unauthorized use of the Heritage Trade Dress resulted in Defendants unfairly benefitting from Thousand's goodwill and the reputation established in the Heritage Bike & Skate Helmet.

49. Upon information and belief, Defendant's unlawful acts are willful, deliberate, and intended to cause confusion among the public and taken in reckless disregard of Thousand's rights. As such, an award of exemplary and punitive damages is necessary in an amount sufficient to deter similar misconduct in the future.

50. As a direct and proximate result of the foregoing acts, Thousand has suffered and will continue to suffer significant injuries in an amount to be determined at trial. Thousand is entitled to recover all damages, including attorneys' fees, that Thousand has sustained on account of Defendants' unfair competition, and all gains, profits and advantages obtained by Defendants as a result of their unlawful acts. Furthermore, because Thousand has no adequate remedy at law for Defendants' ongoing unlawful conduct, Thousand is entitled to injunctive relief prohibiting Defendants from unfair competition.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Thousand, Inc. respectfully prays for judgment against Defendant Xander Bicycle Corporation and DOES 1-10 as follows:

1. A judgment that Defendants infringed Thousand's Heritage Trade Dress;

2. An order permanently enjoining and restraining Defendants, their agents, servants, employees, officers, associates, and all persons acting in concert with any of them from infringing Thousand's intellectual property at issue, including but not limited to infringing acts such as:

a. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products or any other products that bear an identical or confusingly similar design as Thousand's Heritage Trade Dress;

b. engaging in any other activity constituting unfair competition with Thousand, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements used or owned by or associated with Thousand;

c. engaging in any other activity that will dilute the distinctiveness of the Heritage Trade Dress; and

d. committing any other act which falsely represents or which has the effect of falsely representing goods and services of Defendants are licensed, authorized, offered, produced, sponsored, or in any other way associated with Thousand.

3. An order requiring Defendants to recall from any distributors and retailers and to deliver to Thousand for destruction any Accused Products, including the means of making such products;

4. An order requiring Defendants to file with this Court and serve on Thousand within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth the manner in which Defendant complied with the injunction;

5. An order for an accounting of all gains, profits and advantages derived by Defendants on account of the unlawful acts complained of herein pursuant to 15 U.S.C. § 1117(a), Cal. Bus. & Prof. Code, § 17200 *et. seq*., and any other applicable federal statute or California state and common law;

6. An award of damages equal to Defendants' profits and all damages sustained by Thousand as a result of Defendants' wrongful acts;

7. An award of damages equal to treble Defendant's profits or Thousand's damages, whichever is greater, on account of Defendant's willful infringement;

8. An award of punitive damages and Thousand's costs, attorneys' fees, and interest as allowed under all applicable federal statutes and California state laws; and

9. All other relief that the Court may deem just and proper.

Dated: April 30, 2025 **BLAKELY LAW GROUP**

By: _*/s/ Tara A. Currie*_________________
Brent H. Blakely
Tara A. Currie
***Attorneys for Plaintiff***
***Thousand, Inc.***

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Thousand, Inc. hereby demands a trial by jury as to all claims in this Civil Action.

Dated: April 30, 2025 **BLAKELY LAW GROUP**

By: _*/s/ Tara A. Currie*_____________
Brent H. Blakely
Tara A. Currie
***Attorneys for Plaintiff***
***Thousand, Inc.***